WARREN E. HOOD, Judge Pro Tem.
Freddie Narcisse, the defendant, was charged on April 26, 1984, with the second degree murder of one Rivers Jackson in Lafayette in violation of La.R.S. 14:30.1. The defendant shot and killed the victim on April 1, 1984, with a .22 caliber pistol.
In exchange for the dismissal of the murder charge, the defendant entered a plea of guilty to manslaughter. This voluntary and well Boykinized plea was entered and accepted by the trial court on April 12, 1985.
The defendant was thereafter sentenced on August 29, 1985, to serve twelve (12) years at hard labor in the custody of the Department of Corrections. Five years of that sentence was imposed without benefit of parole, probation or suspension of sentence under La.C.Cr.P. Article 893.1. In addition, the defendant was sentenced to serve two (2) years at hard labor in the custody of the Department of Corrections without benefit of parole, probation or suspension of sentence under La.R.S. 14:95.2, to run consecutively with any previously imposed sentence.
La.C.Cr.P. 893.1 mandates a minimum sentence and negates parole, probation or suspension of sentence when the court finds that a firearm was used in the commission of a felony, as was found here. R.S. 14:95.2 mandates an additional two (2) year term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time when a firearm is used in the commission of certain enumerated felonies, of which manslaughter is one.
It is from the application of these provisions to his sentencing that defendant now seeks appeal in this court, assigning as error that the provisions are unconstitutional in that they place the defendant in double jeopardy and violate equal protection.
ERROR PATENT
For reasons not raised by defendant’s assignments of error, we find the addition *351 al two-year penalty imposed by the trial court pursuant to La.R.S. 14:95.2 is illegal. Pursuant to La.C.Cr.P. Article 920, an error that is discoverable by mere inspection of the pleadings and proceedings is within the scope of appellate review. Furthermore, La.C.Cr.P. Article 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court or review.
In State v. Jackson, 480 So.2d 263, (La.1985), recently decided by our Supreme Court, it was held that La.R.S. 14:95.2 may not be used to enhance a defendant’s sentence unless he has been charged in the bill of information or indictment with firearm use, or with violating R.S. 14:95.2. The court further mandated limited retroactive application to its ruling requiring application to all convictions which have not become final upon first appellate review, as is this case.
The record disclosed that the indictment neither charged the defendant with firearm use nor with a violation of R.S. 14:95.2, and the additional two-year sentence is therefore illegal. In Jackson, supra, the court further held that the application of La.C.Cr.P. 893.1, which mandates a minimum sentence and negates parole, probation or suspension of sentence when the court finds that a firearm was used in the commission of a felony, simply requires written notice by the prosecution prior to trial of its intent to have the article applied. There was no such notice in this case; however, this ruling in Jackson, supra, was held to be given prospective application only, unless particular prejudice can be shown to the defendant. In this case, no such prejudice was shown.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these assignments of error, the defendant argues that the application of La. R.S. 14:95.2 is violative of the Constitutional guarantee against double jeopardy and that the application of both R.S. 14:95.2 and Q.Cr.P. Article 893.1 simultaneously is vio-lative of double jeopardy.
Since we find that R.S. 14:95.2 cannot be applied in this case, these assignments are rendered moot.[1]
ASSIGNMENT OF ERROR NO. 3
The defendant also assigned as error the application of the above discussed enhancement provisions contending those statutes constitute an unlawful and unconstitutional violation of equal protection, by virtue of the fact that persons who commit offenses with firearms are treated more harshly than those whose offenses are committed with other dangerous and deadly weapons.
This assignment of error, not having been briefed, is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
In any event, the Louisiana Supreme Court has recently settled this issue, holding that armed criminals do not constitute a “protected class of persons” and further that this law was specifically tailored to alleviate the problem of gun wielding felons and is clearly rationally related to a valid governmental objective. State v. Barberousse, 480 So.2d 273 (La.1985).
Accordingly, the assignment is without merit.
For the foregoing reasons, defendant’s conviction is affirmed, but his sentence is vacated and the case remanded to the trial court for resentencing in accordance with the law and the views expressed above.
CONVICTION AFFIRMED, REMANDED FOR RESENTENCING.

. The in tandem application of La.C.Cr.P. Article 893.1 and La.R.S. 14:95.2 was considered by our Supreme Court in State v. Harris, 469 So.2d 978 (La.1985).